**PARKER et al. v. HOYT.**

No. 10387.

Court of Civil Appeals of Texas. Galveston.

May 13, 1937.

Rehearing Denied June 3, 1937.

J. S. Bracewell, of Houston, for appellants.

J. Wm. Wiseheart and Russell F. Wolters, both of Houston (Roy Johnson, of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal is from a judgment of the Eleventh district court of Harris county, entered both upon a jury's verdict in response to special issues, and the trial court's independent findings from the evidence, whereby the appellee was awarded an aggregate of $1,000 damages against the appellants for the malicious prosecution, through the county court of Harris county, of a lunacy charge one of them had filed against her, acting in conspiracy with the other in so filing and prosecuting, she having been acquitted on the trial thereof; $750 of the award was a joint one against the appellants for the actual damages appellee suffered, $125 against each of them being added, upon the finding that they had both acted maliciously.

While none of the special issues were objected to in any manner, nor any others re-

quested, complaint is made here that the verdict returned thereon is so against the overwhelming weight of the testimony on the issue submitted as to whether or not the appellee was of sound mind at the time the appellants had so filed the complaint in lunacy against her as to be clearly wrong; but after carefully examining the statement of facts, this court is satisfied that the evidence heard fully sustains the finding made on that question.

It is next insisted that appellants' request—made at the trial when appellee was tendered as a witness in her own behalf—that the trial court excuse the jury for that purpose and hear proffered testimony, as upon voir dire, as to whether or not the appellee was then insane, before permitting her to so testify, should have been granted. This presentment, too, is overruled, upon these considerations:

(1) The unimpeached and duly accredited record of the county court in the lunacy proceeding had been in evidence from the first of this trial, which showed, as recited supra, that the appellee had been promptly acquitted there of that charge; hence she occupied the position of any other nondiscredited witness—that is, she came as one entitled to all the presumptions appertaining in that situation.

(2) All the witnesses the appellants sought to use in such a preliminary examination of the appellee were later used by them upon this trial, giving all the testimony they would have so in advance presented touching the appellee's mental competency, had any such opportunity been afforded them, and the appellee herself, after testifying fully in support of her cause of action, was subjected to a general cross-examination by the appellants.

It is therefore clear that any possible error of the court in not permitting such an ex parte effort in advance to disqualify the appellee as a witness was rendered harmless by its receipt of the same testimony at the regular trial upon the whole cause.

It is further urged—for the first time on the appeal, not having been raised at any time or in any manner below—that the amount of the damages awarded was excessive; but this presentment is held to be wholly without merit, it appearing to this court: (1) That the trial court should have been given opportunity to pass on it, and (2) that it was a very moderate visitation upon the appellants in the circumstances for the acts the jury, upon sufficient evi-

dence, found them guilty of—that is, that R. E. Parker, not having probable cause for believing the appellee insane at the time, filed the lunacy complaint against her (he being her nephew), and acted not only maliciously himself in so doing, but conspired together with his father, A. L. Parker (the appellee's brother), who likewise acted with malice, to that end.

Likewise in this court for the first time, appellants also contend the filing of the lunacy complaint by R. E. Parker, after the county judge had advised him at an advance interview between them that one should be filed, constituted it "conclusively privileged, and even malice would not destroy such privilege."

This aftermath claim, as stated, was neither pleaded, presented, nor otherwise raised in the trial court, appellants having defended merely upon a demurrer and a denial—both general—and, since it apparently goes to no fundamental or absolute right, rather to one of special defense, it is not thought to be well taken.

If there be other grounds of attack, they are thought not to require reversal, upon the conclusion that the pleadings and evidence support the judgment rendered, an affirmance will be ordered.

Affirmed.